United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wayne Patrick Blagrove, Plaintiff, ) <br> ) <br> v.                                                ) <br>                                                    )   Civil Action No. 23-61064-Civ-Scola <br>                                                    ) <br> Experian Information Solutions,  ) <br> LLC, Defendant.                          ) | |

**Order Granting Motion to Set Aside Default**

      Plaintiff Wayne Patrick Blagrove, proceeding pro se, filed this Fair Credit Reporting Act case against Defendant Experian Information Solutions, Inc., complaining about inaccurate information he says Experian has reported on Blagrove's credit report. (Compl. ECF No. 1.) Nearly two months after filing his complaint, Blagrove filed a "Return of Service" (Pl.'s Ret., ECF No. 10), on July 24, 2023, and at the same time sought a clerk's default. (Pl.'s Mot. for Cl.'s Def., ECF No. 11.) The Clerk entered the default that same day (Cl.'s Def., ECF No. 12) and Blagrove subsequently filed what the Court construes as a motion for default judgment (Pl.'s Mot., 16) which was referred to United States Magistrate Judge Jonathan Goodman. Experian now asks that the Clerk's default be set aside, pointing out that Blagrove did not properly serve Experian until September 5, 2023. (Def.'s Mot., ECF No. 23.) Blagrove has responded, opposing the motion in some respects but ultimately appearing to concede that his case should not be resolved through a default judgment (Pl.'s Resp., ECF No. 24, 4 (referencing litigating this case and ultimately presenting it to a jury for determination)). After careful review, the Court finds Experian's motion meritorious and **grants** its request to set aside the Clerk's default (**ECF No. 23**).

      In the return of service, Blagrove's process server reports that he served Experian at "1201 Hays Street, Tallahassee, FL 32301" on June 15, 2023. (Pl.'s Ret. at 1.) As Experian points out, and left undisputed by Blagrove, this is the address that appears associated with a company called "Corporation Service Company." (Def.'s Mot. at 2.) But Experian's registered agent in Florida is CT Corporation System which, as reflected on Florida's Division of Corporations' sunbiz.org website, can only be served at 1200 South Pine Island Road, Plantation, Florida 33324. (*Id.*) Perhaps recognizing his mistake, Blagrove filed a second return of service on September 14, reflecting that Experian had finally been served, at the proper address in Plantation, Florida, on September 5. (Pl.'s 2nd Ret., ECF No. 19.) Experian's timely answer (Ans., ECF No. 21) and this motion then followed.

As provided by Federal Rule of Civil Procedure 55(c), "[a] district court may set aside an entry of default for good cause." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). The party seeking to have the default set aside bears the burden of establishing good cause. *Id.* "Good cause is a mutable standard, varying from situation to situation." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011). In evaluating whether the good-cause standard has been met, courts have considered a host of factors: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *Id.* These factors are not talismanic, however, but are simply "a means of identifying circumstances which warrant the finding of good cause to set aside a default." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

When ruling on a motion to set aside an entry of default, "[t]he Court is vested with considerable discretion." *In re Fortner*, No. 12–60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (Marra, J.). Because of the strong policy of determining cases on their merits, the Eleventh Circuit views defaults with disfavor. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). As a result, in order to obtain relief under Rule 55(c), the movant need only make a "bare minimum showing" to support its claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). Important to note, this standard is much less onerous than the standard applied to setting aside a default judgment. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

The Court has no difficulty concluding that Experian has set forth good cause supporting the setting aside of the Clerk's default in this case. The record reveals no culpability, willfulness, or delay. Indeed, Blagrove has failed to rebut Experian's showing that it "simply was unaware of this lawsuit at all as Experian was not properly served with the Complaint until September 4, 2023." (Def.'s Mot. at 4–5.) Second, Blagrove has made no showing that he will suffer any prejudice if the default is set aside. Third, other than cursorily labeling Experian's affirmative defenses as "frivolous and boilerplate" and disputing the underlying facts of the case, Blagrove fails to rebut Experian's showing that it presents meritorious defenses. *See Joseph v. Mortgage Experts of S. Florida, Inc.*, 12-CV-23884, 2013 WL 2384247, at *3 (S.D. Fla. May 30, 2013) (Cooke, J) (pointing that,"[w]ith regard to a meritorious defense, the likelihood of success is not the measure" but, rather, "where a [d]efendant has provided by clear statements a hint of a suggestion that its case has merit," "that is sufficient") (cleaned up). Experian points out that it expects to show

that Blagrove failed to ever properly dispute any accounts or information and that Experian has already heavily litigated Blagrove's complaint in state court. The Court finds this is enough.

In sum, the Court readily exercises its considerable discretion in favor of **setting aside** the Clerk's default (**ECF No. 12**) and **grants** Experian's motion (**ECF No. 23**). Because this moots Blagrove's motion for default judgment, the Court **withdraws** the reference of that motion to Judge Goodman (**ECF No. 17**) and instead **denies it as moot** (**ECF No. 16**).

The Court orders the parties to file their joint discovery plan and conference report, as described in the Court's initial order, on or before **October 25, 2023**.

**Done and ordered** in Miami, Florida, on October 12, 2023.

_____
Robert N. Scola, Jr.
United States District Judge