United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wayne Patrick Blagrove, Plaintiff, <br><br> v. <br><br> Experian Information Solutions, LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 23-61064-Civ-Scola <br> ) <br> ) <br> ) |

### Order Denying Motion for Judgment on the Pleadings

Plaintiff Wayne Patrick Blagrove, proceeding pro se, filed this Fair Credit Reporting Act case against Defendant Experian Information Solutions, Inc., complaining about inaccurate information he says Experian reported on his credit report. (Compl. ECF No. 1.) Blagrove now asks the Court to grant partial judgment on the pleadings in his favor as to Experian's liability for each FCRA violation alleged and statutory damages. (Pl.'s Mot., ECF No. 73.) Experian opposes the motion (Def.'s Resp., ECF No. 75) but Blagrove has not replied and the time to do so has passed. After review, the Court **denies** the motion (**ECF No. 73**).

Experian first argues that Blagrove's motion is untimely, filed well past the February 23, 2024, deadline to file "all dispositive motions." (Sch. Order, ECF No. 34, 2.) The Court agrees. Blagrove leaves undisputed that a motion for a judgment on the pleadings is a dispositive motion. (Def.'s Resp. at 2; *see Christmas v. Corizon Health Services*, 8:17-CV-1183-KKM-SPF, 2021 WL 1821537, at *2 (M.D. Fla. Mar. 29, 2021) ("A motion for judgment on the pleadings . . . is a dispositive motion.").) And Blagrove fails to satisfy the good cause standard for modification of the Court's scheduling order—indeed, he does not even mention it. Accordingly, the Court denies the motion as untimely.

Additionally, even if it had been timely presented, Blagrove's motion is problematic for other reasons as well. To begin with, it is largely premised on matters that are outside of the pleadings. "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the *substance of the pleadings* and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (emphasis added). In order to consider the voluminous evidence, external to the pleadings, Blagrove relies on, the Court would be required to treat Blagrove's motion as one for summary judgment under Federal Rule of Civil Procedure 56. *Hagan v. Comm'r, Georgia Dep't of Corr.*, 22-12180, 2023 WL 5621895, at *5 (11th Cir. Aug. 31, 2023)

("On a Rule . . . 12(c) motion, if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.") (cleaned up). Since the Court declines to convert Blagrove's motion into a Rule 56 summary-judgment motion, any consideration of the outside material Blagrove relies on is expressly excluded. This leaves Blagrove's motion wholly unsupported.

Furthermore, Blagrove's motion is devoid of any analysis, or even mention, of the allegations or denials in Experian's answer and affirmative defenses. This too is fatal to his motion. "In determining whether a party is entitled to judgment on the pleadings, [a court must] accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). Where "averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* Blagrove doesn't even acknowledge Experian's allegations, never mind address them.

In sum, for the reasons set forth above, the Court **denies** Blagrove's motion for judgment on the pleadings (**ECF No. 73**).

**Done and ordered**, in Miami, Florida, on May 3, 2024.

_____
Robert N. Scola, Jr.
United States District Judge